ARMEN A. TEMURIAN and VISTA
TECHNOLOGIES, LLC,

      Plaintiffs,

v.

PHILLIP A. PICCOLO, JR., KEVIN
DALTON JOHNSON, PAUL MORRIS,
JOSEPH REID, and TRAVELADA, LLC,

      Defendants.

_____/

## ORDER ON MOTION FOR PARTIAL RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiffs Armen A. Temurian and Vista Technologies, LLC's (together, "Plaintiffs") Motion for Partial Reconsideration of the Court's Order Granting Defendants' Motion to Dismiss, ECF No. [70] (the "Motion"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new

arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

In the Motion, Plaintiffs request that the Court reconsider its dismissal with prejudice of the fraud claims (Counts 6-8) and trademark infringement and unfair competition claims (Counts 11-13) on the basis that the Court improperly determined that the fraud allegations were insufficient as a matter of law without granting leave to amend, the Court misapprehended or overlooked factual allegations with respect to its analysis concerning the application of the independent tort doctrine, and the Court improperly dismissed with prejudice the trademark and unfair competition claims on the basis that Defendants were co-owners of the trademarks according to the parties' contract because, as Plaintiffs contend for the first time in the Motion, the contract is ambiguous. Upon review, Plaintiffs' Motion is not well-taken because it amounts to no more than disagreement with the Court's reasoning and ultimate conclusions. *See Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the

motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also See Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted).[1]

To the extent that Plaintiffs contend that it was error for the Court not to grant leave to amend, the Court again disagrees. Plaintiffs already amended once as a matter of course and did not properly request leave to amend subsequently. "A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). In addition, "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)).

Accordingly, Plaintiffs' Motion, **ECF No. [70]**, is **DENIED**.

---

[1] Defendants argue that Plaintiffs' Motion should be denied outright for failure to comply with the conferral requirement in Local Rule 7.1(a)(3). Plaintiffs concede that they failed to confer prior to filing the Motion, but contend that their failure was based upon a good faith belief that it was not required because it would have been futile, there was no prejudice to Defendants, and the effect of such a denial "could constitute a denial with prejudice of claims without meeting the standard for dismissal." *See* ECF No. [90]. While the Court certainly understands Plaintiffs' position, the Local Rules do not contain a "good faith" exception, and a motion for reconsideration—which in this Court's experience typically will not resolve through a meet and confer—is nevertheless not specifically listed as one of the exceptions to the Local Rule 7.1(a)(3) requirement.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 13, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record