UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-62737-SMITH/VALLE

ARMEN A. TEMURIAN, *et al*,

    Plaintiffs,

v.

PHILLIP A. PICCOLO, JR., *et al*,

    Defendants.

_____/

## ORDER DENYING MOTION TO AMEND

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to Amend the Second Amended Complaint ("Motion to Amend") (ECF No. 155), filed on October 3, 2019. Although the deadline to file motions to amend pleadings passed on June 24, 2019, Plaintiffs seek to file the proposed Third Amended Complaint attached to the Motion to Amend (ECF No. 155-3), which would add counts arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"). Defendants filed a Response (ECF No. 156) on October 4, 2019, and Plaintiffs filed a Reply (ECF No. 161) on October 7, 2019. The Court has carefully reviewed the Motion to Amend, all supporting and opposing submissions, and the record as a whole. For the reasons set forth below, Plaintiffs' Motion to Amend (ECF No. 155) is **DENIED**.

**I.    BACKGROUND**

Plaintiffs filed their original Complaint (ECF No. 1) on November 9, 2018, alleging seventeen causes of action against Defendants. Plaintiffs filed their First Amended Complaint (ECF No. 33) as a matter of course on January 7, 2019, adding two additional causes of action for a total of nineteen counts. On January 8, 2019, the Court entered its Scheduling Order (ECF No.

35), which, among other things, set the trial date for February 3, 2020, and set the deadline for all amendments to pleadings for March 11, 2019.

Plaintiffs moved to extend the amended pleadings deadline first on March 11, 2019 (ECF No. 51); the Court granted Plaintiff's motion the next day (ECF No. 52), extending the deadline to April 27, 2019. On April 17, 2019, Plaintiffs moved for a second extension of time to file amended pleadings (ECF No. 55), which the Court granted the same day (ECF No. 56), extending the deadline to May 24, 2019.

On April 22, 2019, the Court entered an Order (ECF No. 59) granting Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 36), and permitting Plaintiffs to file a Second Amended Complaint on or before April 29, 2019. Plaintiffs filed two motions for extension of time (ECF Nos. 66, 68), which the Court granted, extending the deadline to file the Second Amended Complaint to May 2, 2019 (ECF No. 67), and then May 3, 2019 (ECF No. 69). Plaintiffs filed their Second Amended Complaint, the current operative pleading, on May 3, 2019 (ECF No. 71), which pleads a total of twenty counts against Defendants. Defendants moved to dismiss the Second Amended Complaint on May 12, 2019 (ECF No. 74).

On May 24, 2019, Plaintiffs filed a third motion to extend the deadline to file amended pleadings (ECF No. 84), which the Court granted the same day (ECF No. 85). The Order set the amended pleadings deadline for June 24, 2019—the current deadline—and further stated that "the parties are advised that the Court will grant no further extensions absent extenuating circumstances."

Twenty-three days after the deadline for amendments to pleadings passed, on July 17, 2019, Plaintiffs filed their first Motion to Amend the Second Amended Complaint (ECF No. 111). In that motion, Plaintiffs sought leave to file, and attached, a Third Amended Complaint which

2

would add three additional counts under RICO and one alternative count for fraudulent inducement (ECF No. 111-1). The same day, the Court struck this motion for failure to comply with the conferral requirements of Local Rule 7.1(a)(3) (ECF No. 112).

Seventy-eight days passed. On October 3, 2019, Plaintiffs filed the present Motion to Amend (ECF No. 155), 101 days after the deadline for amended pleadings passed. The Motion to Amend again seeks leave to file a Third Amended Complaint, and again seeks to add additional counts under RICO.

## II. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend its pleading once as a matter of course, and in all other cases only with opposing party's consent or with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "[w]hen amendment to a complaint is sought after the deadline established in a scheduling order, as is the case here, the plaintiff must first demonstrate good cause under Fed. R. Civ. P. 16 before a court will consider whether amendment is proper under Fed R. Civ. P. 15(a)." *Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1368-69 (S.D. Fla. 2011) (citing *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007)). "To show good cause for an untimely amendment, a plaintiff must demonstrate diligence." *Kernal Records Oy*, 794 F. Supp. 2d at 1368-69. "Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether even after acquiring the information the plaintiff delayed in seeking the amendment." *Id.*

Plaintiffs have failed to show good cause for moving for a third amendment of their complaint, over three months after the amended pleadings deadline passed. Plaintiffs maintain that they have exercised diligence by abstaining from filing the Motion to Amend before they had obtained through discovery more evidence to bolster their RICO claims. However, Plaintiffs already believed that they had enough information to pursue four RICO claims against Defendants in their original Motion to Amend filed on July 17, 2019 (ECF No. 111), under certification of Rule 11.[1] Indeed, as Plaintiffs themselves concede, "[t]he proposed Amended Complaint filed as (ECF No. 111) is essentially the same as the one filed as an attachment to this instant Motion." The only material difference between the two proposed complaints is that the first one proposed adding four counts, while the second one proposed adding two. Thus, Plaintiffs are not relying on any new information for their new proposed RICO counts, and cannot claim that they demonstrated diligence in waiting seventy-eight days from the time the Court struck the first motion to amend, to the time they filed the present Motion to Amend. Under these circumstances, justice does not require the third amendment of Plaintiffs' complaint, and the Court accordingly denies Plaintiffs' request.

## III. CONCLUSION

Because Plaintiffs have failed to demonstrate good cause for their belated request to file a Third Amended Complaint, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion

---

[1] "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

for Leave to Amend the Second Amended Complaint (ECF No. 155) is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 11th day of October, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of record