UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62737-CIV-SMITH/VALLE

ARMEN A. TEMURIAN, *et al*,

      Plaintiffs,

vs.

PHILLIP A. PICCOLO, JR., *et al*,

      Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING IN PART REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This matter is before the Court upon the Report and Recommendation to District Judge [DE 230] (the "Report"), in which Magistrate Judge Valle recommends denying Defendants' Verified Motion for Award of Attorneys' Fees (the "Motion for Fees") [DE 218] and granting in part Defendants' Motion for Bill of Costs (the "Motion for Costs") [DE 215, 216] (collectively, the "Motions").[1] On March 5, 2021, the Appearing Defendants filed their objections to the Report [DE 231] and Plaintiffs filed their response to the objections [DE 233] on March 16, 2021. For the reasons stated herein, the Report is affirmed and adopted in part.

**I.  LEGAL STANDARD**

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of

---

[1] The Motions are brought by Defendants Phillip A. Piccolo, Jr., Kevin Dalton Johnson, Paul Morris (together, the "PJM Defendants"), Joseph Reid, Travelada, LLC and K.F.I. Software. All Defendants will be referred to as "Appearing Defendants."

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). A court, in its discretion, need not consider arguments that were not in the first instance presented to the magistrate judge. *Calderon v. Springs Landscape & Maint., Inc.*, Civ. A. No. 17-22869-CIV-Scola, 2018 WL 6444227, at *2 (S.D. Fla. Dec. 10, 2018) (citing Local Mag. J. R. 4(b)).

**II.    DISCUSSION**

In their Motion, the Appearing Defendants urge the Court to exercise its discretion and award fees under one of four applicable fee shifting statutes: the Lanham Act, 15 U.S.C. § 1125, *et seq.*, Florida's Deceptive and Unfair Trade Practices Act, Fla., Stat. § 501.201, *et seq.* ("FDUTPA") and Defend Trade Secrets Act of 2016 ("DTSA") and Florida's Uniform Trade Secrets Act ("FUTSA"), Fla. Ch. 688.005. The Appearing Defendants seek to recover the following: (i) $107,680 in attorneys' fees as a prevailing party under the Lanham Act's "exceptional case" standard (Count 11 in Amended Complaint; Count 12 in Second Amended Complaint); (ii) $27,840 in attorneys' fees as the prevailing party under FDUTPA (Count 13 in Amended Complaint); and (iii) $98,760 in attorneys' fees as a prevailing party under the DTSA and FUTSA. Magistrate Judge Valle recommends denying the Motion for Fees, finding that

recovery is barred under each statute. The Court has reviewed the Report and the record, *de novo*, and concludes that the PJM Defendants, as the prevailing parties with respect to their FDUTPA claim, are permitted to recover their attorneys' fees. Recovery under the other fee shifting statutes is precluded, as explained in more detail below.

### A. Attorneys' Fees are recoverable under FDUTPA.

In her Report, Magistrate Judge Valle determined that fees are not warranted under FDUTPA because a prevailing party is not entitled to attorneys' fees under FDUTPA if the FDUTPA claim was "inseparably intertwined" with the Lanham Act claim and the prevailing party did not demonstrate any separate expenditure of time defending the FDUTPA claim. (R.& R. at 19-20.) With respect to the FDUTPA claim, the Appearing Defendants raise the following objections: (i) Magistrate Judge Valle erred in determining that fees are not recoverable under FDUTPA; (ii) Magistrate Judge Valle erred in not addressing and analyzing the list of non-exhaustive factors set forth in *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22451, 2014 WL 6968073 (S.D. Fla. Dec. 9, 2014)[2] in determining that fees are not awardable under FDUTPA; and (iii) in reaching her conclusion, Magistrate Judge Valle relied on decisions running contrary to Florida substantive law with respect to entitlement to fees under FDUTPA.

FDUTPA is governed by state law, and thus, decisions of a state's intermediate appellate

---

[2] The case of *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22451, 2014 WL 6968073 (S.D. Fla. Dec. 9, 2014) lays out the seven factors set forth in *Humane Society of Broward County, Inc. v. Florida Humane Society,* 951 So.2d 966, 971-72 (Fla. 4th DCA 2007). The seven factors are: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7) whether the claim was brought to resolve a significant legal question under FUDUPTA law.

courts are binding, unless there is persuasive evidence that a state's highest court would rule otherwise. *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009). Thus, in determining whether attorneys' fees are awardable under FDUTPA, the Court must look to Florida case law.

The leading Florida Supreme Court case on interpreting FDUTPA is *Diamond Aircraft Industries Inc. v. Horowitch*, 107 So. 3d 362 (Fla. 2013). There, the Florida Supreme Court held that a prevailing party is entitled to fees for the period of litigation until it is determined that a FDUTPA claim is no longer applicable. *Id.* at 371. Furthermore, the court held that "even if a FDUTPA claim is based on the same transaction as an alternative theory of recovery, a court may allocate attorneys' fees under section 501.2105 for only the FDUTPA portion of an action if either (1) counsel admits that the other services provided in that action were unrelated to the FDUTPA claim or (2) a party establishes that the services related to non-FDUTPA claims were clearly beyond the scope of a 501 proceeding." *Id.* at 370. Thus, in the absence of an admission by the prevailing party that some of the legal services were unrelated to the FDUTPA claim, *Diamond Aircraft* authorizes attorneys' fees to a prevailing party for all fees incurred in the case unless the non-FDUTPA claims were clearly unrelated to or clearly beyond the scope of a FDUTPA proceeding. *Id.* at 370-71.

The Eleventh Circuit explored the contours of *Diamond Aircraft* in *Chow v. Chak Yam Chau*, 640 F. App'x 834 (11th Cir. 2015). In *Chow*, the Eleventh Circuit Court of Appeals, applying Florida law, held that the fees recoverable under FDUTPA "are those devoted to the entire action, not merely the FDUTPA claim," unless "the attorneys' services clearly were not related in any way to establishing or defending an alleged violation of Chapter 501." 640 F. App'x at 843.

Lastly, Judge Goodman wrote a very strong opinion in the case of *Procaps S.A. v. Patheon Inc.*, Case No. 12-24356-CIV-Goodman, 2017 WL 3526917 (S.D. Fla. Aug. 17, 2017), addressing this precise issue. There, Judge Goodman held that attorneys' fees are recoverable under FDUTPA under *Diamond Aircraft* and *Chow*. *Procaps S.A.*, 2017 WL 3526917, at *21-29.

Based on the undersigned's reading and interpretation of Florida law, the Court finds that the PJM Defendants, as prevailing parties on their FDUTPA claim, are entitled to an award of attorneys' fees up until the time the FDUTPA claim was no longer applicable.[3] Thus, the portion of the Report finding that attorneys' fees are barred under FDUTPA is rejected and the objections are sustained.

### 1. The *Humane Society* factors weigh in favor of awarding attorneys' fees.

In their objections, the Appearing Defendants also argue that Magistrate Judge Valle erred by failing to apply the *Humane Society* factors in assessing whether fees are awardable under FDUTPA.[4] Although Plaintiffs filed a response to the objections, contesting the Appearing Defendants' arguments that they are entitled to attorneys' fees under FDUTPA, Plaintiffs failed to address any of the seven *Humane Society* factors. In fact, the response to the objections barely addresses any of the Appearing Defendants' objections regarding entitlement to their attorneys' fees under FDUTPA. Because there is an entitlement to attorneys' fees under FDUTPA, the Court will now consider the seven *Humane Society* factors to determine whether the factors weigh in favor of awarding fees.

---

[3] PJM Defendants seek $27,840 in attorneys' fees as the prevailing party with respect to their FDUTPA claim.

[4] As an initial matter, the undersigned disagrees with this argument. Because Magistrate Judge Valle determined that attorneys' fees were not recoverable under FDUTPA, and thus, there was no entitlement to fees, she did not weigh the seven *Humane Society* factors.

*a. The scope and history of litigation*

As set forth in the Report, on November 9, 2018, Plaintiffs filed a seventeen-count Complaint [DE 1], which included allegations against the PJM Defendants, Joseph Reid, and Travelada, LLC for violations of the Lanham Act (Count 11), FDUTPA (Count 13), DTSA (Count 15) and FUFTA (Count 16), along with a multitude of state law claims.  On January 7, 2019, an Amended Complaint [DE 33] was filed, incorporating the above-referenced counts, in addition to a count for breach of fiduciary duty (Count 18) and a count for aiding and abetting a breach of fiduciary duty (Count 19).  Defendants moved to dismiss the Amended Complaint [DE 36] and on April 22, 2019, the District Judge dismissed with prejudice the Lanham Act (Count 11) and FDUTPA (Count 13) claims against the PJM Defendants.  (*See generally* DE 59.)

On May 3, 2019, a Second Amended Complaint [DE 71] was filed, adding Defendants George Foerst, d/b/a Travelada International and K.F.I.  The Defendants moved to dismiss on May 12, 2019.  (DE 74.)  While the motion was pending, the parties engaged in discovery and motion practice.  On November 13, 2019, the Court dismissed all federal causes of action, except for Count 12 (Lanham Act claim against Defendants Travelada and Travelada International) [DE 192].  The Court also declined to exercise supplemental jurisdiction over the remaining state law claims, leaving only Count 12 against Defendants Travelada and Travelada International.

After entry of the second partial dismissal, Defendants moved for summary judgment as to Count 12 [DE 194].  Plaintiff filed a motion to voluntarily dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 41(a)(2) before the motion for summary judgment was decided.  Defendants objected to dismissal given that the counterclaims were pending.  Ultimately, the Court dismissed the Second Amended Complaint and declined to exercise supplemental

6

jurisdiction over Defendants' counterclaims. (DE 214.)

The Court notes that this matter was litigated for one year and five months. Within that time, three complaints, two lengthy motions to dismiss, as well as a motion for summary judgment were filed. Additionally, the parties engaged in extensive discovery and motion practice. In all, the docket reveals that approximately 213 docket entries were entered prior to the dismissal of this case. Given the scope and history of the litigation, this factor weighs in favor of an award of attorneys' fees under FDUTPA.

*b. The ability of the opposing party to satisfy an award of fees.*

With respect to the second factor, the Appearing Defendants argue that Plaintiffs have the ability to satisfy an award of fees, given the fact that Plaintiffs were represented by at least three different law firms during the pendency of this lawsuit. Further, the Appearing Defendants argue that Plaintiffs also retained two expert witnesses during this litigation and acknowledged, through deposition testimony, receipt of approximately $12 million in Bitcoin and other digital currency. Plaintiffs fail to address any of this—either in their response to the Motion for Fees [DE 221] or their response to the objections [DE 234]. Instead, Plaintiffs concede to having hired and being guided by competent lawyers at a reputable law firm. Furthermore, Plaintiffs make it a point to speak on the Appearing Defendants' financial means but do not address their own financial means and their ability to satisfy an award of fees. As such, the Court finds that this factor weighs in the favor of the Appearing Defendants.

*c. Whether an award of fees against the opposing party would deter others from acting in similar circumstances.*

The third factor requires the Court to consider whether an award of fees against the opposing party would deter others from acting in similar circumstances. Here, the Appearing Defendants argue that this factor weighs in their favor because Plaintiffs' FDUTPA claim was

7

dismissed with prejudice since the claim could not be asserted against the PMJ Defendants as co-owners of Vista.  The Appearing Defendants also contend that Plaintiffs purposefully ignored a written contract that Plaintiffs had in their possession and instead relied upon an oral contract theory to further the litigation.  Until dismissal of the FDUTPA claim, Plaintiffs did not know about the written contract they had in their possession and upon recognizing the contract, Plaintiffs included a breach of contract claim in the Seconded Amended Complaint.  The Court construes this as a bad faith argument, which the Court addresses below.  With respect to deterrence, the Court is not persuaded that an award of attorneys' fees against Plaintiffs would deter others from acting in similar circumstances.  As previously mentioned, the FDUTPA claim was dismissed with prejudice.  Other courts within this district have found this to be enough and have refused to award additional deference in the form of a fee award.  *Reilly v. Chipotle Mexican Grill, Inc.*, Case No. 15-Civ-23425-Cooke/Torres, 2018 WL 1883086, at * 5 (S.D. Fla. Jan. 26, 2018) ("[P]laintiff's conduct has already been sanctioned in the form of dismissal with prejudice. . . We, therefore, conclude that any additional deterrence in the form of a fee award is not necessary to deter similar conduct in the future. . ."); *Atmos Nation, LLC v. All Rise Records, Inc.*, Case No. 16-60032-CIV-Cohn/Seltzer, 2017 WL 3635114, at *3 (S.D. Fla. Jan. 26, 2018).  Thus, this factor weighs in Plaintiffs' favor.

### d. The merits of the respective positions.

The Court dismissed the Lanham and the FDUTPA claim with prejudice, finding that the PJM Defendants could not be liable for trademark infringement or under FDUTPA, because the PJM Defendants had a co-ownership in Vista.  Thus, there was no merit to Plaintiffs' claims.  However, the Court is not convinced that Plaintiffs acted in bad faith in pursuing their FDUTPA claim.  Although the Court acknowledges that Plaintiffs should have done a better job identifying

the subject agreement prior to filing this lawsuit, the Court is not convinced that the conduct rises to the level of bad faith as there is evidence within the record to suggest that Plaintiffs truly believed they were harmed.  Because a party is ultimately unsuccessful on a legal theory does not mean there is culpability or bad faith.  *See Reilly*, 2018 WL 1883086, at *6 (finding that party cannot rely on the basis that it prevailed on a motion to dismiss to conclude that a plaintiff pursued litigation in bad faith.)

> e. Whether the claim brought was not in subjective bad faith but frivolous, unreasonable, or groundless.

The Appearing Defendants contend that this factor weighs in favor of an award of fees, because although the FDUTPA claim may not have been frivolous, it was clearly groundless.  The Court agrees.  "Although frivolousness is a factor which may be considered under the discretionary *Humane Society* protocol, it is not a requirement for recovery of a FDUTPA attorneys' fees award as a prevailing party."  *Procaps S.A. v. Patheon, Inc.*, Case No. 12-24356-CIV-Goodman, 2017 WL 3536917, at *17 (S.D. Fla. Aug. 17, 2017).  Furthermore, it is important to note that the Court has already found that the FDUTPA claim was groundless, given the PJM Defendants' ownership claim in Vista and because a co-owner could not be held liable.  Thus, this factor weighs in favor of awarding attorneys' fees.

> f. Whether the defense raised a defense mainly to frustrate or stall.

The Appearing Defendants argue that the sixth factor is mostly inapplicable here because they prevailed on the FDUTPA claim, and thus, this factor is neutral.  This Court agrees and finds that the sixth factor is neutral.

> g. Whether the claim was brought to resolve a significant legal question under FDUTPA law.

The seventh factor is also neutral.  The Appearing Defendants argue that Plaintiffs did not

9

bring their FDUTPA claim to resolve a significant legal question under FDUTPA. Plaintiffs failed to respond to this assertion, and thus, the argument is conceded. *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (holding that an argument is unopposed where a party fails to respond to any portion or claim in a motion). Thus, this factor is neutral.

In light of the foregoing discussion, the undersigned concludes that the factors weigh in favor of an award of attorneys' fees. Thus, the Appearing Defendants' objections are sustained and the Court finds that the PJM Defendants shall be awarded attorneys' fees under FDUTPA as prevailing parties.[5]

### B. Attorneys' Fees are not awardable under DTSA.

With respect to the DTSA/FUTSA claim, the Appearing Defendants do not challenge Magistrate Judge Valle's conclusion that they are not prevailing parties for the purpose of FUTSA. However, the Appearing Defendants object to the Report, arguing that Magistrate Judge Valle erred by improperly relying on Plaintiffs' allegations rather than Plaintiffs' testimony in finding that the DTSA claim was not "objectively specious" and there was no "evidence of subject misconduct." The Appearing Defendants assert that Magistrate Judge Valle conflated the allegations of the First and Second Amended Complaints with the actual evidence before the Court, preventing her from finding that Plaintiffs litigated their DTSA claim in bad faith.

Pursuant to DTSA, a court may award reasonable attorneys' fees to a prevailing party when a claim of the misappropriation is made in "bad faith." 18 U.S.C. § 1836(b)(3)(D). Bad faith may be established by circumstantial evidence, or when a motion to terminate an injunction is made or

---

[5] Because the Court finds that the PJM Defendants are entitled to attorneys' fees with respect to their FDUTPA claim, the Court adopts the Report with respect to the Lanham Act claim as PJM Defendants are not entitled to double recovery and the PJM Defendants seek the same amount of fees with respect to both claims. (Obj. at 13.)

opposed in bad faith, or the trade secret was willfully and maliciously misappropriated. *Id.* As Magistrate Judge Valle concludes, the Eleventh Circuit has not addressed what constitutes "bad faith" for the purposes of the DTSA, but there is ample precedent as to what constitutes "bad faith" warranting the award of attorneys' fees. (R. & R. at 10.) "In determining the propriety of a bad faith fee award, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'" *Mar. Mgmt., Inc. v. United States*, 242 F.3d 1326, 1333 (11th Cir. 2001) (citing *Rothenberg v. Sec. Mgmt. Co.*, 736 F.2d 1470, 1472 (11th Cir. 1984)). Bad faith is determined by focusing on a party's conduct and motive rather than on the validity of the case. *Kreager v. Solomon & Flanagan*, 775 F.2d 1541, 1543 (11th Cir. 1985). The bad faith standard is not limited to suits that are filed in bad faith but also extends to bad faith acts preceding and during litigation. *Id.* For there to be a finding of bad faith, a plaintiff's conduct must be objectively specious or frivolous and there must be evidence of subjective misconduct. *Knights Armament Co. v. Optical Sys. Tech*, No. 6:07-CV-1323-ORL, 2012 WL 3932863, at *4 (M.D. Fla. Aug. 20, 2012).

The Court finds that Magistrate Judge Valle did not err in her findings with respect to the DTSA claim because there is no evidence of bad faith. Furthermore, the Court will not award attorneys' fees for a party's failure to cure a pleading deficiency. The dismissal with prejudice in itself is a form of sanctions due to Plaintiffs' inability to properly plead their cause of action. The Court will not take it a step further and award attorneys' fees because of Plaintiffs' inability to properly plead their claim. Nor will the Court find that an inability to properly plead a claim warrants an inference of bad faith and an award of attorneys' fee. *See Heald v. Ocwen Servicing, LLC*, No. 3:13-cv-993-J-34JRK, 2014 WL 4639410, at *6 n.16 (M.D. Fla. Sept. 16, 2014) (finding that a failure to state a claim does not equate to bad faith).

Additionally, the Court disagrees with Appearing Defendants' contention that Magistrate Judge Valle erred in not considering the evidence before the Court, as the Report shows that Magistrate Judge Valle considered the entire record before her in deciding whether Plaintiffs' conduct rose to the level of bad faith.  Because the Appearing Defendants have not met the high bar necessary to establish Plaintiffs acted in bad faith in realleging their DTSA claim, this objection is overruled and this portion of the Report is adopted.

**C. Defendants are Entitled to Recover Costs.**

Lastly, Magistrate Judge Valle concluded that the Appearing Defendants are entitled to recover costs and recommends awarding the Appearing Defendants $7,926.61 for the costs of the deposition transcripts and the service of three subpoenas.  In their objections, the Appearing Defendants contend that they should be awarded the full amount of costs sought.  The Appearing Defendants admit that counsel inadvertently failed to include certain attachments to the Bill of Costs when originally filed on May 19, 2020.  The Appearing Defendants also concede that they did not become aware of the discrepancy until the Report was issued.  The Court will not now consider newly filed attachments and reconsider the Motions for Costs. Furthermore, the Appearing Defendants do not contend that Magistrate Judge Valle erred in her findings as it pertains to their entitlement to costs.  Because there is no specific objection made here, the Court will only review this portion of the Report for clear error.  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015).  Having found none, this objection is overruled and this portion of the Report is adopted.

Accordingly, it is

**ORDERED** that:

1. The Report and Recommendation to District Judge [DE 230] is **AFFIRMED and**

**ADOPTED in part and REJECTED in part.**

2. Defendants' Verified Motion for Award of Attorneys' Fees [DE 218] is **GRANTED in part and DENIED in part**:

    a. Defendants Phillip A. Piccolo, Jr., Kevin Dalton Johnson, Paul Morris, **only** shall be awarded attorneys' fees pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

    b. The Motion is denied as to all other Defendants.

    c. This matter is referred to Magistrate Judge Alicia O. Valle for the purposes of conducting a lodestar analysis and making a determination as to the appropriate award of attorneys' fees pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, as to Defendants Phillip A. Piccolo, Jr., Kevin Dalton Johnson, Paul Morris, **only.**

3. Defendants' Motions for Bill of Costs [DE 215 & 216] are **GRANTED in part and DENIED in part**. The Appearing Defendants are awarded a total of $7,926.61 for the costs of the deposition transcripts ($7,731.61) and the service of three subpoenas ($195).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of March, 2021.

                                                                                    **RODNEY SMITH**
                                                                                    **UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record