UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62737-SMITH/VALLE

ARMEN A. TEMURIAN, *et al.*,

    Plaintiffs,

v.

PHILLIP A. PICCOLO, JR., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court on Defendants' Verified Motion for Award of Attorneys' Fees (the "Motion") (ECF No. 218).[1]  United States District Judge Rodney Smith has referred the Motion to the undersigned to "conduct[] a lodestar analysis and mak[e] a determination as to the appropriate award of attorneys' fees pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq., as to Defendants Phillip A. Piccolo, Jr., Kevin Dalton Johnson, Paul Morris, **only.**" (ECF No. 235 at 13) (emphasis in original).  Accordingly, having reviewed the Motion, Plaintiffs' response (ECF No. 221), Defendants' reply (ECF No. 223), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Defendants' Motion be **GRANTED IN PART** as to the PJM Defendants for the reasons set forth below.

    **I.**    **BACKGROUND**

The procedural history of this case is set forth in the undersigned's earlier Report and

---

[1] The Motion is brought by Defendants Phillip A. Piccolo, Jr. ("Piccolo"), Kevin Dalton Johnson ("Johnson"), Paul Morris ("Morris") (together, the "PJM Defendants"), Joseph Reid ("Reid"), Travelada, LLC ("Travelada") and K.F.I. Software ("K.F.I.").

Recommendation to the District Judge and prior opinions of the District Court, which are incorporated by reference. *See* (ECF Nos. 59, 192, 214, 230, and 235). Relevant here, on March 23, 2021, the District Court determined that the PJM Defendants were entitled to recover reasonable attorneys' fees after having obtained the dismissal with prejudice of Count 13 of the Amended Complaint, which alleged a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (ECF No. 235 at 5, 13). Accordingly, the District Court referred the matter to the undersigned to conduct a lodestar analysis on the reasonableness of the requested fees. *Id*. at 13. In the Motion, Defendants seek $27,840 in attorneys' fees for having prevailed on the FDUTPA claim. (ECF Nos. 218 at 5-8, 17, 218-1 at 3, 4, 6-7).

## II.     LEGAL STANDARDS AND ANALYSIS

### A.     Entitlement to Fees and Costs Generally

Under the "American Rule," each party must pay its own attorneys' fees unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract). Here, the District Court has already determined entitlement to fees. Thus, this Report and Recommendation is limited to determining the reasonableness of the requested fees.

### B.     The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorneys' fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing

entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorneys' fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

    **1.**    **Reasonable Hourly Rates**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted). Here, the relevant legal community is South Florida.

Defendants seek an award of fees for the legal services of attorney Daniel DeSouza from the law firm DeSouza Law, P.A. ("DeSouza Law"). *See generally* (ECF Nos. 218, 218-1). Attorney DeSouza was the only attorney representing Defendants throughout the litigation, and billed at an hourly rate of $400 for his work on the case. (ECF No. 218-1 at 1-2, 4); *see also* (ECF No. 218 at 15). Attorney DeSouza is the founder and principal of DeSouza Law, which he established in 2014. (ECF No. 218-1 at 1-2).

From 2010 through 2014, attorney DeSouza was a senior associate at the law firm of Becker & Poliakoff, in Fort Lauderdale. *Id*. at 2. Prior to that, from 2004 through 2010, attorney DeSouza was an associate at the Washington, D.C., offices of Milbank, Tweed, Hadley & McCloy. *Id*. Attorney DeSouza's practice has focused on complex commercial, business, and bankruptcy litigation in state and federal courts. *Id*. Attorney DeSouza is a member of the New York and Florida Bars. *Id.* at 1.

In determining reasonable hourly rates in the relevant legal market, the undersigned may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2] Here, Plaintiffs do not object to attorney DeSouza's hourly rate. *See* (ECF No. 221 at 6). In addition, the Court has considered the relevant *Johnson* factors, and has reviewed attorney DeSouza's affidavit, the time records, and the Notice and Supplemental Notice of Previously Awarded Fees and Costs. *See* (ECF Nos. 218-1, 226, 227). Accordingly, based on a review of the record, the qualifications of attorney DeSouza, the nature of the case, the work performed, Plaintiffs' lack of objection, and the undersigned's knowledge and experience, the undersigned finds that $400 is a reasonable hourly rate for attorney DeSouza's services.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

## 2. Reasonable Hours Expended

Having determined the reasonable hourly rate, the undersigned next addresses the reasonableness of the hours expended by attorney DeSouza working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotations and citations omitted). Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Moreover, in the absence of an admission by the prevailing party that some of the legal services were unrelated to the FDUTPA claim, the prevailing party may recover attorneys' fees for all fees incurred in the case unless the non-FDUTPA claims were clearly unrelated to or clearly beyond the scope of a FDUTPA proceeding. *Diamond Aircraft Industries Inc. v. Horowitch*, 107 So. 3d 362, 370-71 (Fla. 2013); *Chow v. Chak Yam Chau*, 640 F. App'x 834, 838 (11th Cir. 2015) (citations omitted).

From December 2018 through the April 2019 dismissal of the FDUTPA claim, attorney DeSouza expended 69.6 hours working on this matter.[3]  (ECF Nos. 218 at 15, 218-1 at 3, 7).

---

[3] This work included, among other things, review of the initial and Amended Complaint, preparation of an initial motion and Amended Motion for Temporary Restraining Order and Preliminary Injunction, a Reply in Support of the Injunction Motion, two Motions to Dismiss, and a Reply supporting the Motion to Dismiss.

Defendants assert, and Plaintiffs do not contest, that "all of this time can fairly be attributed to defense of the FDUTPA claim . . . ." *See generally* (ECF No. 218-1). Indeed, Plaintiffs do not challenge the relatedness of the work performed or the number of hours expended on the FDUTPA claim. *See* (ECF No. 221 at 5-6). Accordingly, the undersigned finds that the hours expended on the FDUTPA claim are reasonable. *See Chow,* 640 F. App'x at 843 (awarding fees where the majority of the fees were substantially related to the FDUTPA violation, and the plaintiffs only generally asserted that the fees should be reduced because the FDUTPA claim was one of many claims and counterclaims asserted).

Nonetheless, an adjustment to the hours billed is necessary to account for certain billing inefficiencies. In particular, attorney DeSouza's billing records include repeated instances of "block billing," which is the practice of including multiple distinct tasks within the same time entry. *See generally* (ECF No. 218-1 at 6-7). For example, the 12/5/2018 entry for .7 hours includes multiple tasks, such as: "[d]raft motion for extension of time to respond to Complaint; draft proposed order on same; draft correspondence to Judge Bloom; review amended motion for preliminary injunction." *Id.* at 6. Similarly, the 12/11/2018 entry for 2.3 hours lists the following tasks: "[m]eet w/ P. Piccolo and K. Johnson; review complaint and injunction motion; call w/ opposing counsel re injunction motion response; legal research re potential motion to dismiss." *Id.* In addition, the 4/22/2019 entry for 4.6 hours includes: "[d]raft Travelada discovery responses; review order on motion to dismiss; call w/ J. Reid re discovery responses; call w/ P. Piccolo and K. Johnson re order on motion to dismiss; draft motion to reset hearing on preliminary injunction." *Id.* at 7. While the undersigned does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *See Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *15 (S.D. Fla. July 15, 2011). Because of counsel's block billing, however, it is impossible for the undersigned "to ascertain

how much time was spent on each task." *Dial HD, Inc. v. Clearone Comm'n, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013).

Furthermore, a reduction is also warranted to account for time spent working on tasks related to Defendants Reid and Travelada. For example, the 3/20/2019 entry for 3.8 hours reflects: "[d]raft discovery response for K. Johnson, P. Piccolo, and Travelada." (ECF No. 218-1 at 7). As well, the 4/22/2019 entry for 4.6 hours reads: "[d]raft Travelada discovery responses; review order on motion to dismiss; call w/ J. Reid re discovery responses; call w/ P. Piccolo and K. Johnson re order on motion to dismiss; draft motion to reset hearing on preliminary injunction." *Id*. The District Court's order, however, limits recovery to fees incurred by the PJM Defendants. (ECF No. 235 at 13). Accordingly, an adjustment is necessary to deduct for hours billed on behalf of Defendants Reid and Travelada.

Thus, a reduction in the number of hours expended is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, however, the undersigned recommends an across-the-board 10% reduction to the lodestar amount to account for these billing inefficiencies. *See, e.g., Ovalle v. Perez*, 2017 WL 7792719, at *4 (S.D. Fla. Nov. 9, 2017) (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Rubenstein v. Florida Bar*, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015) (recommending a 30% reduction to counsel's hours for use of block billing); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut). Consequently, the undersigned recommends that the PJM Defendants be awarded $25,056 in attorneys' fees.

7

## III.     RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendants' Motion for Attorneys' Fees (ECF No. 218) be **GRANTED IN PART**.  Defendants Piccolo, Johnson, and Morris should be awarded $25,056 in fees.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on March 30, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record