UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62737-CIV-SMITH/VALLE

ARMEN A. TEMURIAN, *et al*,

        Plaintiffs,

vs.

PHILLIP A. PICCOLO, JR., *et al*,

        Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This matter is before the Court upon the Report and Recommendation to District Judge [DE 236] (the "Report"), in which Magistrate Judge Valle recommends granting in part, Defendants' Verified Motion for Award of Attorneys' Fees [DE 218] (the "Motion"),[1] and awarding $25,056 in attorneys' fees to Defendants, Phillip A. Piccolo, Jr., Kevin Dalton Johnson and Paul Morris (together "PJM Defendants").[2] On April 13, 2021, Plaintiffs filed their objections [DE 237]. For the reasons stated below, the Report is affirmed and adopted.

---

[1] The Motion was filed by Defendants Phillip A. Piccolo, Jr., Kevin Dalton Johnson, Paul Morris (together, the "PJM Defendants"), Joseph Reid, Travelada, LLC and K.F.I. Software.

[2] On March 23, 2021, the Court entered its Order Affirming and Adopting In Part Report and Recommendation to District Judge [DE 235] (the "Order"). In its Order, the Court found that the PJM Defendants are entitled to an award of their reasonable attorneys' fees pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. This matter was referred to Magistrate Judge Valle for the purpose of conducting a lodestar analysis and recommending the appropriate award of attorneys' fees. This Report addresses this sole issue.

## I. LEGAL STANDARD

The district court judge must determine *de novo* any part of the magistrate judge's disposition that has been objected to. Fed. R. Civ. P. 72(b)(3). In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). A court, in its discretion, need not consider arguments that were not in the first instance presented to the magistrate judge. *Calderon v. Springs Landscape & Maint., Inc.*, Civ. A. No. 17-22869-CIV-Scola, 2018 WL 6444227, at *2 (S.D. Fla. Dec. 10, 2018) (citing Local Mag. J. R. 4(b)).

## II. DISCUSSION

The Report recommends that the PJM Defendants be awarded $25,056 in attorneys' fees. In their objections, Plaintiffs contend that the recommended attorneys' fees should be reduced by twenty percent (20%) to thirty precent (30%) for block billing and further reduced by $2,860 for tasks related to the non-qualifying defendants. The Court will address each argument in turn.

The Report recommends reducing PJM Defendants' requested attorneys' fees by ten percent (10%) for certain billing inefficiencies. Plaintiffs concede that a reduction is required.

However, Plaintiffs contend that instead of applying an across-the-board ten percent (10%) reduction to address the billing inefficiencies, a twenty percent (20%) to thirty percent (30%) reduction should be applied. This argument fails because Plaintiffs have not made a specific objection, stating that Magistrate Judge Valle erred in applying a ten percent (10%) reduction. Instead, Plaintiffs contend that the reduction should be higher, which is not a proper objection. Because Plaintiffs have failed to properly object to the Report, "[t]he Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (citing *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015)). Clearly, Magistrate Judge Valle did not err in applying a ten percent (10%) reduction to address the billing inefficiencies.

Next, Plaintiffs argue that because the recovery is only limited to the PJM Defendants, further adjustments are necessary to deduct for hours billed on behalf of Defendants, Joseph Reid ("Reid") and Travelada, LLC ("Travelada"). Plaintiffs contend that five different time entries should be further reduced because these entries include tasks performed on behalf of Reid and Travelada. In her Report, Magistrate Judge Valle deducted hours billed on behalf of Reid and Travelada, by applying an across-the-board ten percent (10%) reduction rather than conducting an hour-by-hour analysis of counsel's time entries. Plaintiffs assert that these time entries shall be divided by their respective tasks to exclude defendants who will not receive attorneys' fees. For example, the time entry for January 2, 2019 is for 4.20 hours and lists four tasks, including 1.05 hours for tasks billed to defendants who are not entitled to attorneys' fees. Thus, Plaintiffs contend that 1.05 hours should be deducted from the 4.20 hours related to the January 2, 2019 time entry. This suggests applying an hour-by-hour analysis, which is a different methodology employed by Magistrate Judge Valle. Plaintiffs have not shown, however, that Magistrate Judge Valle erred in

applying an across-the-board ten percent (10%) reduction rather than conducting an hour-by-hour analysis of counsel's time entries.  Further, to the extent Plaintiffs argue that the reduction performed by Magistrate Judge Valle did not encompass all the relevant time entries, this objection is improper.  *See Webster v. Sec'y of Fla. Dep't of Corr.*, Case No. 0:97-cv-07216-KMM, 2021 WL 663975, at *2 (S.D. Fla. Feb. 19, 2021) (finding that objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusion).  Because Plaintiffs have failed to assert a proper objection or show how Magistrate Judge Valle erred in reaching her conclusion, Plaintiffs' objections are overruled, and the Report is affirmed and adopted.

Accordingly, it is

**ORDERED** that:

1. The Report and Recommendation to District Judge [DE 236] is **AFFIRMED and ADOPTED**.

2. Defendants' Verified Motion for Attorneys' Fees [DE 218] is **GRANTED in part and DENIED in part.**  Defendants Phillip A. Piccolo, Jr., Kevin Dalton Johnson, Paul Morris are awarded $25,056 in attorneys' fees.

3. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of May, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE